Case 1:08-cv-22162-JAL Document 1 Entered on FLSD Docket 08/01/2008 Page 1 of 10

FILED by __ D.C.
ELECTRONIC
July 31, 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CESAR RODRIGUEZ, § § § Plaintiff § § v. § § UNIVISION COMMUNICATIONS, INC., § UNIVISION NETWORK LIMITED § PARTNERSHIP, BROADCASTING § MEDIA PARTNERS, INC., MADISON § DEARBORN PARTNERS, § PROVIDENCE EQUITY PARTNERS, § TPG, THOMAS H. LEE PARTNERS, § SABAN CAPITAL GROUP, § SOLANGELEE MOLINA, MARIA M. § ALVAREZ, SYLVIA ROSABAL, § ESTHER CARO, MAYRA CORTES, § MARI L. TORRES, and ALINA § FALCON, § § Defendants § | **08-22162-CIV-LENARD/GARBER** CIVIL ACTION NO. _____ PLAINTIFF DEMANDS TRIAL BY JURY |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Cesar Rodriguez, Plaintiff, to file Plaintiff's Original Complaint, showing the following:

I. INTRODUCTION

1.  Cesar Rodriguez, Plaintiff, is suing for (1) sex discrimination under Title VII, 42 U.S.C. § 2000e-2 *et seq.*, and Florida Statutes § 760.10, (2) retaliation under Title VII, 42 U.S.C. § 2000e-3 *et seq.*, (3) violations of the Equal Pay Act, 29 U.S.C. § 206, and (4) intentional infliction of emotional distress.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331, which gives district courts original jurisdiction of all civil actions arising under the laws of the United States.

3. Under 42 U.S.C. § 2000e-5(f)(3), venue is proper in this district.

## III. PARTIES

4. Plaintiff is an individual who resides in Miami-Dade County, Florida.

5. Defendant Univision Communications, Inc. employs Plaintiff.

6. Defendant Univision Network Limited Partnership employs Plaintiff.

7. Defendant Broadcasting Media Partners, Inc. purchased Univision on or about June of 2006.

8. Defendant Madison Dearborn Partners is one of the owners of Broadcasting Media Partners, Inc.

9. Defendant Providence Equity Partners is one of the owners of Broadcasting Media Partners, Inc.

10. Defendant TPG is one of the owners of Broadcasting Media Partners, Inc.

11. Defendant Thomas H. Lee Partners is one of the owners of Broadcasting Media Partners, Inc.

12. Defendant Saban Capital Group is one of the owners of Broadcasting Media Partners, Inc.

13. Defendant Solangelee Molina is an individual who is employed by Univision.

14. Defendant Maria M. Alvarez is an individual who is employed by Univision.

15. Defendant Sylvia Rosabal is an individual who is employed by Univision.

16. Defendant Esther Caro is an individual who is employed by Univision.

17. Defendant Mayra Cortes is an individual who is employed by Univision.

18. Defendant Mari L. Torres is an individual who is employed by Univision.

19. Defendant Alina Falcon is an individual who is employed by Univision.

## IV. FACTS

20. On or about October of 1996, Plaintiff became employed by Univision Communications, Inc. and Univision Network Limited Partnership (collectively referred to as "Univision").

21. At all relevant times, Univision has employed more than 500 employees.

22. Plaintiff's work performance at Univision has been excellent.

23. Plaintiff has been an Assignment Manager at Univision since January of 1998.

24. Plaintiff is a male.

25. Section 4.02 of Univision's Employee Handbook states: "We are committed to achieving diversity in our workplace and to employ and advance minorities and **women** on the basis of individual merit, performance, and other job related criteria." (Emphasis added.) The phrase "on the basis of individual merit, performance, and other job related criteria" does not make this policy non-discriminatory because, given that the word "women" is included in the above quotation, there is no non-discriminatory reason why the word "men" is not included in the above quotation. The above affirmative action policy is evidence that, with regard to promotions, Univision gives preferential treatment to women. *Bass v. Board of County Commissioners, Orange County, Florida*, 256 F.3d

3

1095, 1111 (11th Cir. 2001) ("[A]n affirmative action plan may constitute **direct evidence** [of discrimination], even when a defendant denies having acted pursuant to its stated plan") (emphasis added).

26. If Univision contends that it did not consider the above affirmative action policy when Univision decided not to promote Plaintiff, such a contention would be contradicted by the boldfaced language in the following quotation from section 4.02 of Univision's Employee Handbook: "We are committed to achieving diversity in our workplace and to employ and advance minorities and women on the basis of individual merit, performance, and other job related criteria. This fundamental equal employment policy is **emphasized throughout Univision**." (Emphasis added.)

27. Univision has not promoted Plaintiff because of Plaintiff's sex.

28. On or about April 27, 2007, Plaintiff's supervisor, Maria Alvarez, told Plaintiff that Plaintiff would not be promoted to the position of Executive Producer.

29. Univision promoted a female employee to the position of Executive Producer. Plaintiff was clearly more qualified than that female employee for the position of Executive Producer.

30. On or about July 9, 2007, Plaintiff filed a Charge of Discrimination against Univision with the Equal Employment Opportunity Commission (EEOC).

31. Univision has retaliated against Plaintiff because Plaintiff filed a Charge of Discrimination against Univision with the EEOC. For example, in July of 2007, after Plaintiff filed a Charge of Discrimination against Univision, Solangelee

4

Molina, the Weekday Executive Producer, told Maria Henao that she needed people like her (Ms. Henao) to control someone like "that Cesar who wants to sue us for discrimination." Ms. Molina's comment essentially criticizes Plaintiff for filing a Charge of Discrimination. Thus, Ms. Molina's comment "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." See *Burlington Northern & Santa Fe Railway Co. v. White*, 126 S. Ct. 2405, 2415 (2006) ("In our view, a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination") (internal quotation marks omitted). Also, since the filing of Plaintiff's Charge of Discrimination, Univision has excluded Plaintiff from many meetings. That is unlawful retaliation. See *Burlington Northern & Santa Fe Railway Co. v. White*, 126 S. Ct. 2405, 2415-16 (2006) ("[E]xcluding an employee from a weekly training lunch that contributes significantly to the employee's professional advancement might well deter a reasonable employee from complaining about discrimination").

32. On or about October 30, 2007, Plaintiff filed a second Charge of Discrimination against Univision with the EEOC in order to assert that Univision has retaliated against Plaintiff because of the first Charge of Discrimination that Plaintiff filed against Univision.

33. With regard to Plaintiff's first Charge of Discrimination, the EEOC issued a Notice of Right to Sue dated May 6, 2008.

5

34. With regard to Plaintiff's second Charge of Discrimination, the EEOC issued a Notice of Right to Sue dated May 7, 2008.

35. The EEOC's Notices of Right to Sue were issued at Plaintiff's request.

36. Plaintiff has filed this suit within ninety days of Plaintiff's receipt of the Notices of Right to Sue.

37. Plaintiff has timely filed this suit.

38. All conditions precedent have been performed or have occurred.

## V. CAUSES OF ACTION

39. Plaintiff repeats and re-alleges sections I-IV, the same as if fully set forth herein.

### A. SEX DISCRIMINATION

40. Univision has not promoted Plaintiff because of Plaintiff's sex.

41. Univision has subjected Plaintiff to a hostile work environment because of Plaintiff's sex.

42. Univision is liable for sex discrimination.

43. Univision's sex discrimination against Plaintiff was willful, malicious, and made with reckless disregard for Plaintiff's rights.

44. Univision's sex discrimination against Plaintiff has caused, and will continue to cause, Plaintiff to suffer severe stress, mental anguish, emotional pain, suffering, loss of enjoyment of life, and loss of compensation.

## B. RETALIATION

45. Univision has retaliated against Plaintiff because he filed a Charge of Discrimination against Univision with the EEOC.

46. Univision is liable for retaliating against Plaintiff.

47. Univision's retaliation against Plaintiff was willful, malicious, and made with reckless disregard for Plaintiff's rights.

48. Univision's retaliation against Plaintiff has caused, and will continue to cause, Plaintiff to suffer severe stress, mental anguish, emotional pain, suffering, and loss of enjoyment of life.

## C. EQUAL PAY ACT

49. Univision has employed Plaintiff and certain female employees in jobs requiring substantially equal skill, effort, and responsibility. These jobs were performed under similar working conditions. Plaintiff has received less compensation than female employees who were doing substantially equal work.

50. Univision is liable for violating the Equal Pay Act.

## D. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

51. Defendants engaged in intentional infliction of emotional distress against Plaintiff (the "Conduct").

52. Defendants knew that their Conduct would subject Plaintiff to severe emotional distress. Defendants deliberately and recklessly inflicted mental suffering. Defendants' Conduct was extreme, outrageous, and so severe in degree that it

went beyond all possible bounds of decency. Defendants' Conduct disrupted Plaintiff's lifestyle and caused Plaintiff to suffer severe mental anguish. Defendants' Conduct was the direct and proximate cause of Plaintiff's severe emotional distress, severe disappointment, indignation, wounded pride, sleeplessness, hopelessness, sadness, despair, disgust, humiliation, stress, depression, and anxiety. Defendants' Conduct will cause Plaintiff to suffer severe mental pain and anguish for a long time into the future.

53. Defendants are liable for intentional infliction of emotional distress.

## VI. JURY TRIAL

54. Plaintiff requests a jury trial.

## VII. PRAYER FOR RELIEF

55. Based on the foregoing, Plaintiff respectfully requests the Court to:

   a. Award Plaintiff punitive damages and liquidated damages.

   b. Award Plaintiff compensatory damages and general damages.

   c. Award Plaintiff prejudgment and postjudgment interest as provided by law.

   d. Award Plaintiff costs and reasonable attorney's fees.

   e. Award Plaintiff back pay and the compensation Plaintiff is entitled to recover.

   f. Award Plaintiff front pay.

   g. Order that Plaintiff be promoted to the position of Senior Executive Producer.

   h. Grant Plaintiff injunctive and/or equitable relief.

   i. Award Plaintiff such other and further relief to which Plaintiff is justly entitled.

8

Respectfully submitted,

*Mark D Hunter*

Florida Bar No. 12995

Mark David Hunter
407 Lincoln Road
Suite 500
Miami Beach, Florida 33139
Email: mdhunter@lhttlaw.com
Phone: (305) 604-5547
FAX: (305) 604-5548

08-22162-CIV-LENARD/GARBER
Case 1:08-cv-22162-JAL Document 1 Entered on FLSD Docket 08/01/2008 Page 10 of 10

# CIVIL COVER SHEET

JS 44 (Rev. 2/08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

FILED ELECTRONIC
July 31, 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

FILED by _____ D.C.
JUL 30 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**I. (a) PLAINTIFFS**
Cesar Rodriguez

**DEFENDANTS**
Univision Communications, Inc., et al.

(b) County of Residence of First Listed Plaintiff: Miami-Dade County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) (305) 604-5547
Leser Hunter Taubman and Taubman, PLLC
407 Lincoln Road, Suite 500
Miami Beach, Florida 33139

Attorneys (If Known)

(d) Check County Where Action Arose: ☒ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

Miami 08CV22162 Lenard/Garber

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only) and One Box for Defendant

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | PRISONER PETITIONS | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | Habeas Corpus: | IMMIGRATION | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 530 General | ☐ 462 Naturalization Application | |
| | | ☐ 535 Death Penalty | ☐ 463 Habeas Corpus-Alien Detainee | |
| | | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

**V. ORIGIN** (Place an "X" in One Box Only)
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Re-filed (see VI below) ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page):
a) Re-filed Case ☐ YES ☒ NO    b) Related Cases ☐ YES ☒ NO
JUDGE _____ DOCKET NUMBER _____

**VII. CAUSE OF ACTION** Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 2000e-2 et seq. Plaintiff is suing for sex discrimination, retaliation, and Equal Pay Act violations.
LENGTH OF TRIAL via four days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD s/ Mark D. Hunter
Mark David Hunter
DATE 7/25/08

FOR OFFICE USE ONLY
AMOUNT 350 —  RECEIPT # 984716