UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| CESAR RODRIGUEZ, | § § § | |
| Plaintiff | § § | |
| v. | § § | CIVIL ACTION NO. 08-22162 |
| UNIVISION COMMUNICATIONS, INC. and UNIVISION NETWORK LIMITED PARTNERSHIP, | § § § § § | |
| Defendants | § § | PLAINTIFF DEMANDS TRIAL BY JURY |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Cesar Rodriguez, Plaintiff, to file Plaintiff's First Amended Complaint, showing the following:

## I. INTRODUCTION

1. Cesar Rodriguez, Plaintiff, is suing Univision Communications, Inc. and Univision Network Limited Partnership, Defendants, for (1) sex discrimination under Title VII, 42 U.S.C. § 2000e-2 *et seq.*, and Florida Statutes § 760.10, (2) retaliation under Title VII, 42 U.S.C. § 2000e-3 *et seq.*, (3) violations of the Equal Pay Act, 29 U.S.C. § 206(d)(1), and (4) intentional infliction of emotional distress.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331, which gives district courts original jurisdiction of all civil actions arising under the laws of the United States.

3. Under 42 U.S.C. § 2000e-5(f)(3), venue is proper in this district.

### III. PARTIES

4. Plaintiff is an individual who resides in Miami-Dade County, Florida.

5. Defendant Univision Communications, Inc. employs Plaintiff.

6. Defendant Univision Network Limited Partnership employs Plaintiff.

### IV. FACTS

7. On or about October of 1996, Plaintiff became employed by Univision Communications, Inc. and Univision Network Limited Partnership (collectively referred to as "Univision").

8. At all relevant times, Univision has employed more than 500 employees.

9. Plaintiff's work performance at Univision has been excellent.

10. Plaintiff is a male.

11. Section 4.02 of Univision's Employee Handbook states: "We are committed to achieving diversity in our workplace and to employ and advance minorities and **women** on the basis of individual merit, performance, and other job related criteria." (Emphasis added.) The phrase "on the basis of individual merit, performance, and other job related criteria" does not make this policy non-discriminatory because, given that the word "women" is included in the above quotation, there is no non-discriminatory reason why the word "men" is not included in the above quotation. The above affirmative action policy is evidence that, with regard to promotions, Univision gives preferential treatment to women.

*Bass v. Board of County Commissioners, Orange County, Florida*, 256 F.3d 1095, 1111 (11th Cir. 2001) ("[A]n affirmative action plan may constitute **direct evidence** [of discrimination], even when a defendant denies having acted pursuant to its stated plan") (emphasis added).

12. If Univision contends that it did not consider the above affirmative action policy when Univision decided not to promote Plaintiff, such a contention would be contradicted by the boldfaced language in the following quotation from section 4.02 of Univision's Employee Handbook: "We are committed to achieving diversity in our workplace and to employ and advance minorities and women on the basis of individual merit, performance, and other job related criteria. This fundamental equal employment policy is **emphasized throughout Univision**." (Emphasis added.)

13. Univision has not promoted Plaintiff because of Plaintiff's sex.

14. Since January of 1998, Plaintiff has been an Assignment Manager for Primer Impacto, a news program at Univision.

15. On April 20, 2007, Plaintiff sent an email to his supervisor, Maria Alvarez ("Alvarez"), stating that he wants to meet with her and that he would like to be considered for any higher positions that become available. On April 27, 2007, Plaintiff and Alvarez had a meeting. At the beginning of the meeting, before giving Plaintiff an opportunity to explain why he should be considered for a higher position, Alvarez told Plaintiff that he will not be considered for the higher positions that are available.

16. On May 22, 2007, Alvarez issued a memorandum announcing that Solangelee Molina ("Molina"), a female, is being promoted to the position of Weekday Executive Producer of Primer Impacto. On May 23, 2007, Alvarez issued a memorandum announcing that Mari Torres ("Torres"), a female, will become the Weekend Executive Producer of Primer Impacto. Plaintiff was clearly more qualified than Molina and Torres for the Executive Producer positions that were available.

17. On or about July 9, 2007, Plaintiff filed a Charge of Discrimination against Univision with the Equal Employment Opportunity Commission (EEOC).

18. Univision has retaliated against Plaintiff because Plaintiff filed a Charge of Discrimination against Univision with the EEOC. For example, since the filing of Plaintiff's Charge of Discrimination, Univision has excluded Plaintiff from many meetings. That is unlawful retaliation. *See Burlington Northern & Santa Fe Railway Co. v. White*, 126 S. Ct. 2405, 2415-16 (2006) ("[E]xcluding an employee from a weekly training lunch that contributes significantly to the employee's professional advancement might well deter a reasonable employee from complaining about discrimination").

19. On or about October 30, 2007, Plaintiff filed a second Charge of Discrimination against Univision with the EEOC in order to assert that Univision has retaliated against Plaintiff because of the first Charge of Discrimination that Plaintiff filed against Univision.

20. With regard to Plaintiff's first Charge of Discrimination, the EEOC issued a Notice of Right to Sue dated May 6, 2008.

21. With regard to Plaintiff's second Charge of Discrimination, the EEOC issued a Notice of Right to Sue dated May 7, 2008.

22. The EEOC's Notices of Right to Sue were issued at Plaintiff's request.

23. Plaintiff filed Plaintiff's Original Complaint within ninety days of Plaintiff's receipt of the Notices of Right to Sue.

24. Plaintiff has timely filed this suit.

25. All conditions precedent have been performed or have occurred.

## V. CAUSES OF ACTION

26. Plaintiff repeats and re-alleges sections I-IV, the same as if fully set forth herein.

### A. SEX DISCRIMINATION

27. Univision has not promoted Plaintiff because of Plaintiff's sex.

28. Univision has subjected Plaintiff to a hostile work environment because of Plaintiff's sex.

29. Univision is liable for sex discrimination.

30. Univision's sex discrimination against Plaintiff was willful, malicious, and made with reckless disregard for Plaintiff's rights.

31. Univision's sex discrimination against Plaintiff has caused, and will continue to cause, Plaintiff to suffer severe stress, mental anguish, emotional pain, suffering, loss of enjoyment of life, and loss of compensation.

## B. RETALIATION

32. Univision has retaliated against Plaintiff because he filed a Charge of Discrimination against Univision with the EEOC.

33. Univision is liable for retaliating against Plaintiff.

34. Univision's retaliation against Plaintiff was willful, malicious, and made with reckless disregard for Plaintiff's rights.

35. Univision's retaliation against Plaintiff has caused, and will continue to cause, Plaintiff to suffer severe stress, mental anguish, emotional pain, suffering, and loss of enjoyment of life.

## C. EQUAL PAY ACT

36. Univision has employed Plaintiff and certain female employees in jobs requiring substantially equal skill, effort, and responsibility.  These jobs were performed under similar working conditions.  Plaintiff has received less compensation than female employees who were doing substantially equal work.

37. Elizabeth Valdes, a female Assignment Manager at Univision, receives more compensation than Plaintiff even though Plaintiff has the same job title and does as much work as she does, if not more.

38. Univision is liable for violating the Equal Pay Act.

## D. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39. Univision engaged in intentional infliction of emotional distress against Plaintiff (the "Conduct").

40. Univision knew that its Conduct would subject Plaintiff to severe emotional distress.  Univision deliberately and recklessly inflicted mental suffering.  Univision's Conduct was extreme, outrageous, and so severe in degree that it went beyond all possible bounds of decency.  Univision's Conduct disrupted Plaintiff's lifestyle and caused Plaintiff to suffer severe mental anguish.  Univision's Conduct was the direct and proximate cause of Plaintiff's severe emotional distress, severe disappointment, indignation, wounded pride, sleeplessness, hopelessness, sadness, despair, disgust, humiliation, stress, depression, and anxiety.  Univision's Conduct will cause Plaintiff to suffer severe mental pain and anguish for a long time into the future.

41. Univision is liable for intentional infliction of emotional distress.

## VI. JURY TRIAL

42. Plaintiff requests a jury trial.

## VII. PRAYER FOR RELIEF

43. Based on the foregoing, Plaintiff respectfully requests the Court to:

    a. Award Plaintiff punitive damages and liquidated damages.

    b. Award Plaintiff compensatory damages and general damages.

    c. Award Plaintiff prejudgment and postjudgment interest as provided by law.

    d. Award Plaintiff costs and reasonable attorney's fees.

    e. Award Plaintiff back pay and the compensation Plaintiff is entitled to recover.

    f. Award Plaintiff front pay.

g. Order that Plaintiff be promoted to the position of Senior Executive Producer.

h. Grant Plaintiff injunctive and/or equitable relief.

i. Award Plaintiff such other and further relief to which Plaintiff is justly entitled.

Respectfully submitted,

/s/ Mark David Hunter
Mark David Hunter
Florida Bar No. 12995
407 Lincoln Road
Suite 500
Miami Beach, Florida 33139
Email: mdhunter@lhttlaw.com
Phone: (305) 604-5547
Fax: (305) 604-5548

ATTORNEY FOR PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that a true, complete, and correct copy of Plaintiff's First Amended Complaint was served via mail on September 5, 2008 to the following:

Annette Torres
Stearns Weaver
Museum Tower
150 West Flagler Street
Suite 2200
Miami, Florida 33130

/s/ Mark David Hunter
Mark David Hunter